UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH E. THANESON,  )<br>                         )<br>          Plaintiff,   )<br>                         )<br>v.                       )<br>                         )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,      )<br>                         )<br>          Defendant.    )<br>_____  ) | No. CV-11-130-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment, ECF Nos. 15, 18. Attorney Jeffrey Schwab represents plaintiff; Special Assistant United States Attorney Marc T. Warner represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge, ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment, **ECF No. 18.**

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on August 27, 2008, alleging disability beginning May 1, 2008 (Tr. 106-111). The applications were denied initially and on reconsideration (Tr. 68-71, 74-77).

At a hearing before Administrative Law Judge (ALJ) James W. Sherry on December 16, 2009, plaintiff, represented by counsel,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                       - 1 -

and a vocational expert testified (Tr. 24-63). On January 15, 2010, the ALJ issued an unfavorable decision (Tr. 9-17). The Appeals Council denied review on February 18, 2011 (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 4, 2011 (ECF Nos. 1, 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of the parties, and are very briefly summarized here.

Plaintiff was 24 years old at onset and 26 at the hearing. After graduating from high school, she[1] completed three years of college but did not earn a degree (Tr. 28-30, 136, 346). She worked as a dishwasher, cashier, and waitress (Tr. 33-36). Plaintiff alleges she is disabled by mental impairments and obesity. She has not worked for pay since May 1, 2008, but testified she volunteers ten hours a week as an assistant to the ESL teachers at a community college (Tr. 37). Psychotropic medication makes her "pretty slow," which tempts her to stop taking it "so that she does not get fired"; however, plaintiff then becomes manic and is "eventually fired" (Tr. 38). She has been diagnosed with bipolar disorder (manic with psychosis), and gender identification disorder (Tr. 38-39). She is able to lift 20 pounds, walk 15 minutes, and stand ten minutes (Tr. 39-40). Even

---

[1] Plaintiff is a biological female who identifies herself as male (Tr. 193). At the hearing plaintiff indicated she was comfortable being addressed as a female. The feminine pronoun is used in this opinion.

when on medication, plaintiff experiences depression now and then (Tr. 41). She cleans, does laundry, walks, cooks, writes, reads, plays games, and likes being alone. She tires easily and has concentration problems (Tr. 41-46).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v.*

*Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Sherry found plaintiff's DIB coverage lasted through December 31, 2013 (Tr. 9, 11). At step one he found plaintiff did not engage in substantial gainful activity after onset (Tr. 11). At steps two and three, he found she suffers from bipolar disorder, a personality disorder (narcissistic), gender identity disorder, and obesity, impairments that are severe but do not meet or medically equal Listing-level severity (Tr. 11-12). At step four, relying the VE's testimony, the ALJ found plaintiff is able to perform past relevant work as a cashier and dishwasher (Tr. 15). Alternatively, at step five, again relying on the VE's

testimony, ALJ Sherry found there are other jobs plaintiff can do such as assembler, production inspector/checker, and hand packer/packager (Tr. 16, 54-58). Accordingly, the ALJ found plaintiff was not disabled as defined by the Social Security Act at any time during the relevant period, from onset through the decision dated January 15, 2010 (Tr. 17).

**ISSUES**

Plaintiff alleges the ALJ improperly credited plaintiff's volunteer work as substantial gainful activity (SGA), failed to credit a therapist's opinion, and asked the VE an incomplete hypothetical, ECF No. 16 at 4-9. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 19 at 15-16).

**DISCUSSION**

**A. Volunteer work**

Plaintiff first alleges that volunteer work as a teacher's aide is not evidence of the ability to engage in work at SGA levels (ECF No. 16 at 4). The Commissioner responds that the ALJ did not construe plaintiff's volunteer work as evidence she is able work full-time; rather, he relied on it when he determined her complaints of disabling limitations are less than credible (ECF No. 19 at 6-8).

Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975. The record shows plaintiff

volunteered as a teacher's aide for ten hours per week[2].

The Commissioner is correct. The ALJ did not find this activity rose to substantial gainful activity levels, nor did he find it constituted an unsuccessful work attempt. Instead, the ALJ found the ability to regularly volunteer, and with increasing responsibilities, was evidence "medication was substantially effective at controlling her mental symptoms," which was inconsistent with Plaintiff's testimony describing severe limitations, and was consistent with her daily activities. The ALJ found that the evidence as a whole undermined plaintiff's subjective complaints, as the Commissioner accurately observes (ECF No. 19 at 6-7, citing Tr. 12, 14).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 14-15). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an

---

[2] Plaintiff began volunteering as an aide in early 2009 (Tr. 420). Prior to that, until September 2008, she volunteered at the Humane Society. It is unclear when she began (Tr. 14-15, 148, 309-314, 380).

underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he found plaintiff less than fully credible. Some include symptoms effectively controlled with medication, activities inconsistent with allegedly disabling limitations, and a motive for secondary gain (Tr. 12, 14-15).

Plaintiff's ability to volunteer as a teacher's aide since early 2009, with increasing responsibilities, is evidence she is not as limited as alleged (Tr. 12, 14, Exhibits 12F, 15F). Medications are effective in controlling symptoms when plaintiff takes them as prescribed (Tr. 12, Exhibits 5F, 7F, 12F/27, Tr. 426). The ALJ notes in September 2008, plaintiff's partner reported plaintiff engages in normal activities, including going out three to four times per week (Tr. 15, Exhibit 5E at Tr. 152). Plaintiff also reported essentially normal activities, such as attending church weekly and regularly visiting friends and relatives (Tr. 118). With respect to motivation for secondary gain, the ALJ observes plaintiff stated she knew she could lose her chances for getting on social security if she got a job (Tr.

12, 14, 458).

The ALJ's reasons are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). The ALJ's credibility assessment is fully supported by the record and free of legal error.

**B. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate

reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**C. Therapist's opinion**

Plaintiff alleges the ALJ should have credited the May 2009 opinion of therapist and case manager Allison Nystrom, M.Ed., (ECF No. 16 at 5-7). The Commissioner responds that the ALJ correctly gave germane reasons for rejecting her opinion because, as a therapist, Ms. Nystrom is a not an acceptable source. The germane reasons include the report's internal inconsistencies, the serious limitations were not expected to last twelve months, and the opinion appeared based, at least in part, on plaintiff's unreliable self-report. (ECF No. 19 at 8-14; *See* C.F.R. §§ 404.1513, 404.1527, 416.913, 416.927).

Ms. Nystrom assessed marked limitations in the ability to (1) understand, remember and follow complex instructions; (2) exercise judgment and make decisions; and (3) respond appropriately to and tolerate the pressures and expectations of a normal work place. She found plaintiff moderately limited in the ability to (1) learn new tasks; (2) relate appropriately to coworkers and supervisors;

and (3) care for self, including personal hygiene and appearance (Tr. 437).

On the same date, in a concurrent treatment note, Ms. Nystrom states plaintiff is "doing very well with [his] volunteer work at the college and continues to take on more responsibilities in [his] position" (Tr. 464).

The ALJ properly rejected the therapist's opinion as internally inconsistent. It is also inconsistent with the treating psychiatrist's reports during the same period (Tr. 307, 454-457). Contradictions between assessed abilities and clinical notes, observations, and other opinions by the same physician provide a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216.

Ms. Nystrom opined serious limitations would last six months (Tr. 438), not twelve as required (Tr. 12). And the report appears based, at least in part, on plaintiff's unreliable self-report, as the ALJ points out (Tr. 12, 14-15); *see also* Tr. 437 (indicating assessed limitations are based on interview and observation).

**C. Incomplete hypothetical**

Plaintiff alleges the ALJ's hypothetical failed to include all of her limitations.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial

evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The Court finds the ALJ's assessment of the evidence is supported by the record and free of legal error. Plaintiff simply alleges again that the ALJ failed to properly weigh the evidence.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 23rd day of August, 2012.

s/ James P. Hutton<br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE